FORM **BCA-5.25** (rev. Dec. 2014)
**AFFIDAVIT OF COMPLIANCE**
**FOR SERVICE ON SECRETARY OF STATE**
Business Corporation Act

Department of Business Services
501 S. Second St., Rm. 350
Springfield, IL 62756
217-782-6961
www.cyberdriveillinois.com

**FILED**

MAR 0 6 2020

JESSE WHITE
SECRETARY OF STATE

Payment must be made by check or money order payable to Secretary of State.

9812-3989

Filing Fee: $10   File #: _____   Approved: _____

—— Submit in duplicate ——   Type or Print clearly in black ink ——   Do not write above this line ——

1. Title and Number of Case:

   Allstate Ins. Co. a/s/o Shira Hammann   first named plaintiff
   v.
   Dell Technologies, Inc.   first named defendant

   Number: 2020L 002389

2. Name of corporation being served: DELL TECHNOLOGIES, INC.

3. Title of court in which an action, suit or proceeding has been commenced: Circuit Court of Cook County, IL

4. Title of instrument being served: Summons and Complaint

5. Basis for service on the Secretary of State: (check and complete appropriate box)

   a. ☐ The corporation's registered agent cannot with reasonable diligence be found at the registered office of record in Illinois.

   b. ☐ The corporation has failed to appoint and maintain a registered agent in Illinois.

   c. ☐ The corporation was dissolved on _____ , _____ ; the conditions
                                          Month Day      Year
   of paragraphs (a) or (b) above exist; and the action, suit or proceeding has been instituted against or has affected the corporation within five (5) years thereafter.

   d. ☐ The corporation's authority to transact business in Illinois has been withdrawn/revoked (circle one) on

   _____ , _____
   Month Day    Year

   e. ☑ The corporation is a foreign corporation that has transacted business in Illinois without procuring authority, contrary to the provisions of the Business Corporation Act of 1983.

6. Address to which the undersigned will cause a copy of the attached process, notice or demand to be sent by certified or registered mail: Dell Technologies, Inc., One Dell Way, Round Rock, TX 78652

7. The undersigned affirms, under penalties of perjury, that the facts stated herein are true, correct and complete.

   _____   February 26   2020
   Signature of Affiant     Month Day     Year
   ( 312 ) 641-9830
   Telephone Number

Return to (please type or print clearly):

McFadden Law Group, P.C.
Name
180 W. Washington St. - Suite 310
Street
Chicago            Illinois       60602
City/Town          State          Zip

Printed by authority of the State of Illinois. January 2015 — 1 — C 213.11

EXHIBIT 1

FILED DATE: 2/26/2020 10:24 AM 2020L002389

2120 - Served 2121 - Served
2220 - Not Served 2221 - Not Served
2320 - Served By Mail 2321 - Served By Mail
2420 - Served By Publication 2421 - Served By Publication
Summons - Alias Summons (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Allstate Insurance Co. a/s/o Shira Hammann
(Name all parties)
v.

Case No. 2020L002389

Dell Technologies, Inc., Worldwide Tech Services LLC, and Simplo Technology Co, LTD.

c/o Secretary of State of Illinois as Agent

☑ SUMMONS  ☐ ALIAS SUMMONS

(Dell Technologies, Inc. One Dell Way Round Rock, TX 78652)

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee within thirty (30) days after service of this Summons, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3

Summons - Alias Summons (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 61938

Atty Name: McFadden Law Group, P.C.

Atty. for: Plaintiff

Address: 180 W Washington St. - Ste 310

City: Chicago

State: IL    Zip: 60602

Telephone: (312) 641-9830

Primary Email: jpmcfadden@mcfaddenlawgroup.com

Witness: _____

2/26/2020 10:24 AM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

FILED DATE: 2/26/2020 10:24 AM   2020L002389

FILED DATE: 2/26/2020 10:24 AM    2020L002389

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ⦿ Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

19AP-460

61938

FILED
2/26/2020 10:24 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
8630322

FILED DATE: 2/26/2020 10:24 AM  2020L002389

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ALLSTATE INSURANCE COMPANY as )
Subrogee of SHIRA HAMMANN, )
                      Plaintiff, )
                                  )
vs.                               )   No. 2020L002389
                                  )
DELL TECHNOLOGIES, INC., )
WORLDWIDE TECH SERVICES, LLC, )
and SIMPLO TECHNOLOGY CO., LTD. )
                     Defendants. )

## COMPLAINT

NOW COMES the Plaintiff, ALLSTATE INSURANCE COMPANY as Subrogee of SHIRA HAMMANN, by and through its attorneys, McFadden Law Group, P.C., and for its Complaint against the Defendants, DELL TECHNOLOGIES, INC., (hereinafter referred to as "DELL"), WORLDWIDE TECH SERVICES, LLC, (hereinafter referred to as "WORLDWIDE TECH") and SIMPLO TECHNOLOGY CO., LTD. (hereinafter referred to as "SIMPLO"), states the following:

### ALLEGATIONS COMMON TO ALL COUNTS

1.     On and before January 9, 2018, Plaintiff's Subrogor SHIRA HAMMANN was the owner of a certain residence located at and commonly known as 1801 W. Winnemac Avenue, Unit B, Chicago, Illinois (hereinafter "the subject residence").

2.     At all times relevant, the Plaintiff ALLSTATE INSURANCE COMPANY was a duly licensed insurance carrier providing homeowner's coverage to its insured and Subrogor SHIRA HAMMANN, for the subject residence and with respect to the homeowner's loss which is the subject of the instant lawsuit, under policy number 962510471.

3. Plaintiff ALLSTATE INSURANCE COMPANY is pursuing this action as a bona fide subrogee of SHIRA HAMMANN, having paid good and valuable consideration to her as a result of the damages complained herein.

4. Prior to January 9, 2018, the Plaintiff's Subrogor purchased a new laptop computer that was manufactured by the Defendant, DELL (hereinafter referred to as "the subject laptop computer").

5. At all times relevant herein, the Defendant, DELL, was in the business of manufacturing, packaging and/or distributing laptop computers, including the subject laptop computer.

6. Prior to January 9, 2018, the Defendant, DELL, manufactured and/or distributed laptop computers, including but not limited to the subject laptop computer.

7. At all times relevant, the Defendant, SIMPLO, was in the business of manufacturing, packaging and/or distributing batteries for laptop computers, including a battery installed in the manufactured subject laptop computer (hereinafter referred to as the "subject battery").

8. Prior to January 9, 2018, the Defendant, SIMPLO, manufactured and/or distributed batteries for laptop computers including, but not limited to, the battery installed in the subject laptop computer.

9. At all times relevant herein, the Defendant WORLDWIDE TECH was a company that provided services for computer repairs.

10. On or about January 9, 2018 the Plaintiff's Subrogor hired the Defendant WORLDWIDE TECH to perform repairs on her laptop computer at the subject residence.

11. On or about January 9, 2018, while Defendant WORLDWIDE TECH was working on the subject laptop computer, it suddenly failed and burst into flames within the subject residence.

12. The above said flames came into contact with the subject residence and the personal property in the subject residence, greatly damaging the same.

13. That a claim was submitted by Plaintiff's Subrogor SHIRA HAMMANN, to ALLSTATE INSURANCE COMPANY under the aforesaid homeowner's policy and said claim was adjusted and paid in good faith in the total amount of $89,863.08, and a deductible was paid by Plaintiff's Subrogor, SHIRA HAMMANN, in the amount of $1,000.00.

14. ALLSTATE INSURANCE COMPANY is subrogated to the rights of its insured against the Defendants herein and reserves its right to claim further payments which may be made under said policy.

### COUNT I – BREACH OF CONTRACT – WORLDWIDE TECH

1-14. Plaintiff ALLSTATE INSURANCE COMPANY as Subrogee of SHIRA HAMMANN, adopts and re-alleges paragraphs 1-14, inclusive, of the General Allegations Common to All Counts, as paragraphs 1-14, inclusive, of this Count I against Defendant WORLDWIDE TECH.

15. On or about January 9, 2018, the Subrogor, SHIRA HAMMANN, agreed to pay any charges associated with or incurred as a result of the service and/repairs that were performed to the subject laptop computer by Defendant WORLDWIDE TECH.

16. On or about January 9, 2018, Defendant WORLDWIDE TECH accepted possession of the subject laptop computer and agreed to perform service and repairs to the laptop computer.

3

17. On or about January 9, 2018, a contract existed between the Subrogor and Defendant WORLDWIDE TECH for service and/or repairs to the subject laptop computer.

18. At all relevant times, it was the duty of Defendant WORLDWIDE TECH to perform any inspection, repairs, service and maintenance of the subject laptop computer, in a workmanlike manner and in accordance with industry standards.

19. Defendant WORLDWIDE TECH individually, or by and through its employees and/or agents, breached its duties in one or more of the following ways:

   a. Allowed the battery in the laptop to catch on fire;

   b. Dropped the flaming battery on the kitchen floor of the subject premises;

   c. Failed to inspect the subject laptop computer to make sure the battery could be safely removed;

   d. Failed to supervise its employees during the work performed on the subject laptop computer;

   e. Failed to inspect the repairs performed on the subject laptop computer; and

   f. Otherwise failed to perform the inspection, repairs, service and/or maintenance of the subject laptop in a workmanlike manner and in accordance with industry standards.

20. As a direct and proximate result of one or more of the foregoing breaches by Defendant WORLDWIDE TECH, a fire occurred in the subject premises and the Plaintiff's Subrogor suffered damages.

WHEREFORE, the Plaintiff, ALLSTATE INSURANCE COMPANY, as Subrogee of SHIRA HAMMANN, prays that judgment be entered against Defendant, WORLDWIDE TECH individually, and/or jointly and severally with the other Defendants herein, in the amount of $90,836.08 plus costs of suit and any other damages as may be permitted by law.

4

## COUNT II – NEGLIGENCE – WORLDWIDE TECH

1-14. Plaintiff, ALLSTATE INSURANCE COMPANY as Subrogee of SHIRA HAMMANN, adopts and re-alleges paragraphs 1-14, inclusive, of the General Allegations Common to All Counts, as paragraphs 1-14, inclusive, of this Count II, against Defendant WORLDWIDE TECH.

15. At all relevant times, it was the duty of Defendant WORLDWIDE TECH to act with due care and caution in the inspection, repairing, servicing and maintaining of laptop computers, and specifically, the subject laptop computer, and to act in such a manner so as to not cause damage to the property of Plaintiff's Subrogor.

16. Notwithstanding its duties, Defendant WORLDWIDE TECH was careless and negligent in committing one or more of the following careless and negligent acts or omissions:

    a. Allowed the battery in the laptop to catch on fire;

    b. Dropped the flaming battery on the kitchen floor of the subject premises;

    c. Failed to inspect the subject laptop computer to make sure the battery could be safely removed;

    d. Failed to supervise its employees during the work performed on the subject laptop computer;

    e. Failed to inspect the repairs performed on the subject laptop computer; and

    f. Otherwise failed to perform the inspection, repairs, service and/or maintenance of the subject laptop in a workmanlike manner and in accordance with industry standards.

17. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions by Defendant WORLDWIDE TECH a fire occurred in the subject premises and the Plaintiff's Subrogor suffered damages.

5

WHEREFORE, the Plaintiff, ALLSTATE INSURANCE COMPANY, as Subrogee of SHIRA HAMMANN, prays that judgment be entered against Defendant WORLDWIDE TECH individually, and/or jointly and severally with the other Defendants herein, in the amount of $90,836.08 plus costs of suit and any other damages as may be permitted by law.

### COUNT III – BREACH OF IMPLIED WARRANTIES – DELL

1-14. Plaintiff, ALLSTATE INSURANCE COMPANY as Subrogee of SHIRA HAMMANN, adopts and re-alleges paragraphs 1-14, inclusive, of the General Allegations Common to All Counts, as paragraphs 1-14, inclusive, of this Count III, against Defendant DELL.

15. By virtue of Section 2-314 of the Uniform Commercial Code (810 ILCS 5/2-314), Defendant DELL impliedly warranted that the laptop computer was manufactured and distributed in a workmanlike manner, and that the subject laptop computer as manufactured was merchantable for the purpose for which it was being used at the time of the loss; and in reliance upon the implied warranties, the subject laptop computer was used in the normal manner intended.

16. Notwithstanding the implied warranties, the subject laptop computer was not reasonably safe and the Defendant DELL failed to give sufficient and proper warnings to purchasers of the subject laptop computer.

17. As a direct and proximate result of the breach of implied warranties by Defendant DELL, the Plaintiff's Subrogor suffered damages.

18. Plaintiff submitted a claim to the Defendant for the damages suffered by the Plaintiff's Subrogor as a direct and proximate result of the breach of implied warranties by the Defendant.

19. The Defendant has failed to respond to Plaintiff's claim for damages.

WHEREFORE, the Plaintiff, ALLSTATE INSURANCE COMPANY, as Subrogee of SHIRA HAMMANN, prays that judgment be entered against the Defendant DELL individually, and/or jointly and severally with the other Defendants herein, in the amount of $90,836.08 plus costs of suit and any other damages as may be permitted by law.

### COUNT IV – NEGLIGENCE – DELL

1-14. Plaintiff, ALLSTATE INSURANCE COMPANY as Subrogee of SHIRA HAMMANN, adopts and re-alleges paragraphs 1-16, inclusive, of the General Allegations Common to All Counts, as paragraphs 1-14, inclusive, of this Count IV against Defendant DELL.

15. At all relevant times, it was the duty of Defendant DELL to act with due care and caution in the manufacturing, packaging and/or distributing of the subject laptop computer, and to act in such a manner so as to not cause damage to the property of Plaintiff's Subrogor.

16. Notwithstanding its duties, Defendant DELL was careless and negligent in committing one or more of the following careless and negligent acts or omissions:

   a. Failed to give adequate instructions as to the removal of the subject battery from the subject laptop computer;

   b. Failed to give adequate warnings that the subject laptop computer could fail;

   c. Failed to protect the laptop computer from failing;

   d. Used materials that were of inferior quality to manufacture the subject laptop computer;

   e. Was otherwise careless and negligent in the manufacturing and/or distributing of the subject laptop computer.

7

17. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions by Defendant DELL, the subject laptop computer failed causing fire damage to Plaintiff's Subrogor's property.

WHEREFORE, the Plaintiff, ALLSTATE INSURANCE COMPANY, as Subrogee of SHIRA HAMMANN, prays that judgment be entered against the Defendant DELL, individually, and/or jointly and severally with the other Defendants herein, in the amount of $90,836.08 plus costs of suit and any other damages as may be permitted by law.

### COUNT V – STRICT LIABILITY – DELL

1-14. Plaintiff, ALLSTATE INSURANCE COMPANY as Subrogee of SHIRA HAMMANN, adopts and re-alleges paragraphs 1-14, inclusive, of the General Allegations Common to All Counts, as paragraphs 1-14, inclusive, of this Count V against Defendant DELL.

15. That at the time the subject laptop computer left the possession of the Defendant DELL to and including the time of the occurrence, the subject laptop computer was inherently dangerous, defective, and unsafe in one or more of the following respects:

   a. There were inadequate warnings that the subject laptop computer could fail;

   b. There were inadequate instructions for the removal of the subject battery from the subject laptop computer;

   c. The materials used to manufacture the subject laptop computer were of inferior quality; and

   d. The subject laptop computer was otherwise inherently dangerous, defective, and unsafe.

16. As a direct and proximate result of one or more of the foregoing dangerous, defective, and unsafe conditions of the subject laptop computer, the Plaintiff's Subrogor suffered damages.

WHEREFORE, the Plaintiff, ALLSTATE INSURANCE COMPANY, as Subrogee of SHIRA HAMMANN, prays that judgment be entered against the Defendant DELL individually, and/or jointly and severally with the other Defendants herein, in the amount of $90,836.08 plus costs of suit and any other damages as may be permitted by law.

### COUNT VI – BREACH OF IMPLIED WARRANTIES – SIMPLO

1-14. Plaintiff, ALLSTATE INSURANCE COMPANY as Subrogee of SHIRA HAMMANN, adopts and re-alleges paragraphs 1-14, inclusive, of the General Allegations Common to All Counts, as paragraphs 1-14, inclusive, of this Count VI, against Defendant SIMPLO.

15. By virtue of Section 2-314 of the Uniform Commercial Code (810 ILCS 5/2-314), Defendant SIMPLO impliedly warranted that the subject battery was manufactured and distributed in a workmanlike manner, and that the subject battery as manufactured was merchantable for the purpose for which it was being used at the time of the loss; and in reliance upon the implied warranties, the subject battery was used in the normal manner intended.

16. Notwithstanding the implied warranties, the subject battery was not reasonably safe and the Defendant SIMPLO failed to give sufficient and proper warnings to purchasers of the subject battery.

17. As a direct and proximate result of the breach of implied warranties by Defendant SIMPLO, the Plaintiff's Subrogor suffered damages.

WHEREFORE, the Plaintiff, ALLSTATE INSURANCE COMPANY, as Subrogee of SHIRA HAMMANN, prays that judgment be entered against the Defendant SIMPLO individually, and/or jointly and severally with the other Defendants herein, in the amount of $90,836.08 plus costs of suit and any other damages as may be permitted by law.

## COUNT VII – NEGLIGENCE – SIMPLO

1-14. Plaintiff, ALLSTATE INSURANCE COMPANY as Subrogee of SHIRA HAMMANN, adopts and re-alleges paragraphs 1-14, inclusive, of the General Allegations Common to All Counts, as paragraphs 1-14, inclusive, of this Count VII, against Defendant SIMPLO.

15. At all relevant times, it was the duty of Defendant SIMPLO to act with due care and caution in the manufacturing, packaging and/or distributing of the subject battery, and to act in such a manner so as to not cause damage to the property of Plaintiff's Subrogor.

16. Notwithstanding its duties, Defendant SIMPLO was careless and negligent in committing one or more of the following careless and negligent acts or omissions:

    a. Failed to give adequate instructions as to the removal of the subject battery from the subject laptop computer;

    b. Failed to give adequate warnings that the subject battery could fail;

    c. Failed to protect the battery from failing;

    d. Used materials that were of inferior quality to manufacture the subject battery;

    e. Was otherwise careless and negligent in the manufacturing and/or distributing of the subject battery.

17. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions by Defendant SIMPLO, the subject battery failed causing fire damage to Plaintiff's Subrogor's property.

WHEREFORE, the Plaintiff, ALLSTATE INSURANCE COMPANY, as Subrogee of SHIRA HAMMANN, prays that judgment be entered against the Defendant, SIMPLO,

individually, and/or jointly and severally with the other Defendants herein, in the amount of $90,836.08 plus costs of suit and any other damages as may be permitted by law.

### COUNT VIII – STRICT LIABILITY – SIMPLO

1-14. Plaintiff, ALLSTATE INSURANCE COMPANY as Subrogee of SHIRA HAMMANN, adopts and re-alleges paragraphs 1-14, inclusive, of the General Allegations Common to All Counts, as paragraphs 1-14, inclusive, of this Count VIII, against Defendant SIMPLO.

15. That at the time the subject battery left the possession of the Defendant SIMPLO, to and including the time of the occurrence, the subject battery was inherently dangerous, defective, and unsafe in one or more of the following respects:

    a. There were inadequate warnings that the subject battery could fail;

    b. There were inadequate instructions for the removal of the battery from the subject laptop computer;

    c. The materials used to manufacture the subject battery were of inferior quality; and

    d. The subject battery was otherwise inherently dangerous, defective, and unsafe.

16. As a direct and proximate result of one or more of the foregoing dangerous, defective, and unsafe conditions of the subject battery, the Plaintiff's Subrogor suffered damages.

WHEREFORE, the Plaintiff, ALLSTATE INSURANCE COMPANY, as Subrogee of SHIRA HAMMANN, prays that judgment be entered against the Defendant SIMPLO,

FILED DATE: 2/26/2020 10:24 AM   2020L002389

individually, and/or jointly and severally with the other Defendants herein, in the amount of $90,836.08 plus costs of suit and any other damages as may be permitted by law.

Respectfully submitted,
McFadden Law Group, P.C.

By: _____
Joseph P. McFadden

McFADDEN LAW GROUP, P.C.
180 W. Washington Street
Suite 310
Chicago, IL 60602
(312) 641-9830
Attorney No. 61938
jpmcfadden@mcfaddenlawgroup.com

12

## SUPREME COURT RULE 222 AFFIDAVIT

The undersigned attorney, Joseph P. McFadden, being duly deposed on oath, states the following:

1. That pursuant to Supreme Court Rule 222(b) the amount claimed in this matter does exceed $50,000.00.

2. Further Affiant sayeth not.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

By: _____
Joseph P. McFadden

McFADDEN LAW GROUP, P.C.
180 W. Washington Street
Suite 310
Chicago, IL 60602
(312) 641-9830
Attorney #: 61938
jpmcfadden@mcfaddenlawgroup.com