**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, as subrogee of SHIRA HAMMANN, ) ) ) | |
| Plaintiff, ) ) | Case No: 1:20-cv-02349 |
| vs. ) ) | Hon. Martha M. Pacold |
| DELL TECHNOLOGIES INC.; ) WORLDWIDE TECH SERVICES, LLC; and ) SIMPLO TECHNOLOGY CO., LTD. ) ) | Magistrate Judge Jeffrey Cummings **JURY TRIAL DEMANDED** |
| Defendant. ) | |

**DEFENDANT DELL TECHNOLOGIES INC.'S RULE 12(b)(6) MOTION TO DISMISS "CROSSCLAIMS" OF DEFENDANT WORLDWIDE TECH SERVICES, LLC**

Defendant Dell Technologies Inc. ("Dell"), through its counsel, hereby moves under Fed. R. Civ. P. 12(b)(6) to dismiss the "Crossclaims" against Dell set forth in the Answer, Affirmative Defenses and Counterclaims filed by Defendant Worldwide Tech Services, LLC ("Worldwide") (Dkt. No. 47). The "Crossclaims" fail to state a claim against Dell, because they suffer from basic pleading deficiencies, not the least of which is Worldwide's baseless attempt to bring direct actions for "negligence" and "breach of warranty" against a fellow defendant. Having suffered no alleged injury itself in this case other than "contribution" for its share of potential liability to plaintiff, Worldwide cannot as a matter of law be permitted to plead direct causes of action against other defendants. In further support of this motion, Dell states as follows:

**RELEVANT ALLLEGATIONS**

Plaintiff Allstate Insurance Company ("Plaintiff") is the alleged subrogee of Shira Hammann ("Hammann"), who has sued Worldwide and the other defendants in connection with a January 8, 2018 fire at Ms. Hammann's home. (Pls. Compl., Dkt. No. 1-1.) Plaintiff alleges that

1

Ms. Hammann hired a Worldwide repairman to fix a Dell brand laptop, and that that the Worldwide repairman negligently serviced a laptop battery, which he allowed to catch on fire – then compounded his error by dropping "the flaming battery on the kitchen floor." (Worldwide Ans. & Crossclaim, Dkt. No. 47 at pages 1-7.) Plaintiff has also alleged that codefendant Simplo Technology Co., Ltd. ("Simplo") negligently or defectively manufactured the battery, and that Dell negligently or defectively manufactured the laptop. (*Id*. at 9-10.)

Worldwide has answered Plaintiff's complaint and denied liability. (Worldwide Ans. & Crossclaim, Dkt. No. 47 at pages 1-7.) In its answer to Plaintiff's complaint, Worldwide purports to plead "Crossclaims" against Dell and Simplo. Crossclaim Count I, for "breach of implied warranty" under 810 Ill. Comp. Stat. 5/2314, alleges that Dell did not "provide a computer that was fit for its ordinary purpose." (Worldwide Ans. & Crossclaim, Dkt. No. 47 at pages 11-12.) Crossclaim Count II, for "negligence," alleges that Dell did not act with "due care" in manufacturing the laptop or warning of hazards associated with the battery. (*Id*. at 12-13.) Worldwide's remaining "Crossclaims" are directed at Simplo, not Dell.

Although the "Crossclaims" are titled "CROSSCLAIMS FOR CONTRIBUTION" (*id*. at 11), at no point does Worldwide specifically plead a cause of action under the Illinois Joint Tortfeasor Contribution Act ("JTCA"), 740 Ill. Comp. Stat. 100/0.01 *et seq*. Instead, Worldwide apparently seeks to hold Dell and Simplo directly liable for common law tort damages for breach of implied warranty and negligence.

## ARGUMENT

A Rule 12(b)(6) motion to dismiss should be granted if, taking well-pleaded allegations of the complaint as true, the facts do not plausibly suggest a right to relief. *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011) (applying *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). *See also U.S. Home Corp. v. George W. Kennedy Constr. Co.*, 617 F. Supp. 893, 898-99 (N.D. Ill. 1985) (dismissing defendant's Illinois crossclaims against fellow tortfeasor, where such claims sought relief beyond the limited contribution rights against a tortfeasor under the JTCA). Here, there are three basic and fatal deficiencies in the Crossclaims.

*First*, Worldwide's "Crossclaims" against Dell stray from the JTCA, and instead plead direct causes of action for "breach of implied warranty" for a particular purpose and "negligence" that sound outside the JTCA. This is contrary to Illinois law, because the JTCA bars any claim for "implied indemnification" that one codefendant may bring against the other, other than a claim under an "express contract for indemnification." *See, e.g.*, *U.S. Home*, 617 F. Supp. at 898. Under this clear-cut and controlling Illinois law, claims against another tortfeasor outside the JTCA and not based on an express contract – including both Count I and II of the Crossclaims here – are barred as a matter of law. Crossclaims I and II should be dismissed for that reason, alone.

*Second*, Worldwide fails to allege the essential elements of a direct cause of action against Dell for "breach of implied warranty" of fitness for a particular purpose. The essential elements of this claim under Illinois law are: (1) the seller had reason to know of the particular purpose for which the buyer required the goods; (2) the buyer relied on the seller's skill and judgment to select suitable goods; (3) the seller knew of the buyer's reliance on its skill and judgment; and (4) damages. *In re McDonald's French Fries Litig.*, 503 F. Supp. 2d 953, 957 (N.D. Ill. 2007). The Crossclaims are entirely conclusory and fail to satisfy any of these elements under *Twombly*. The first element requires that Worldwide allege a "non-ordinary use" of the Dell product; here, no "non-ordinary use" is alleged. *Id*. at 957-58. Worldwide does not even attempt to allege the second, third, or fourth element of breach of warranty for a particular purpose. Nor can Worldwide plausibly claim to be the product "buyer." Crossclaim Count I should be dismissed.

3

*Third*, Worldwide cannot plead a direct cause of action against Dell for "negligence." It is well-settled that "to establish a valid claim for negligence in the state of Illinois, a party must demonstrate that the defendant owed him a duty, that the defendant breached this duty, and that he suffered an *injury that was proximately caused by the defendant's breach*." *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir. 2009) (affirming summary judgment) (emphasis added). Here, Worldwide does not and cannot allege that anyone caused any injury to Worldwide's employee in the January 8, 2018 fire at Ms. Hammann's home. To the contrary, plaintiff alleges that *Worldwide*, through the acts and omissions of its negligent employee, set Ms. Hammann's kitchen floor on fire and negligently caused her to suffer property damage. Because Worldwide was not injured in any way in the January 8, 2018 incident, it has no basis for a direct cause of action against other defendants for negligence.

For the reasons above, the Crossclaims here fail to state claims against Dell on which relief should be granted. Rather, the Crossclaims as pleaded should be dismissed, without prejudice to Worldwide's right to amend the complaint to bring a one-count crossclaim sounding under the JTCA (and Dell's right to answer with its own crossclaim against Worldwide under the JTCA). Dell states that its outside counsel previously requested by phone that Worldwide amend the crossclaims and that Worldwide has not yet done so, making this motion necessary.

## CONCLUSION

For the foregoing reasons, defendant Dell respectfully requests that the Court dismiss all pending Crossclaims against Dell pursuant to Fed. R. Civ. P. 12(b)(6).

|  | Respectfully submitted,<br><br>/s/ George D. Sax<br>George D. Sax, ARDC # 6279686<br>SCHARF BANKS MARMOR LLC<br>333 W. Wacker Drive, Suite 450<br>Chicago, IL 60606<br>Phone: (312) 726-6000<br>gsax@scharfbanks.com<br><br>*Counsel for Defendant Dell Technologies Inc.* |
|---|---|

CERTIFICATE OF SERVICE

      I certify that on June 29, 2020, I served the foregoing **DEFENDANT DELL TECHNOLOGIES INC.'S RULE 12(b)(6) MOTION TO DISMISS "CROSSCLAIMS" OF DEFENDANT WORLDWIDE TECH SERVICES, LLC** via electronic mail to the below-listed counsel of record via the Court's ECF system at the email addresses below.

     /s/ George D. Sax

*Counsel for Defendant Dell Technologies, Inc.*

| | |
|---|---|
| Joseph P. McFadden<br>MCFADDEN LAW GROUP, P.C.<br>108 W. Washington St., Suite 310<br>Chicago, IL 60602<br>Phone: (312) 641-9830<br>jpmcfadden@mcfaddenlawgroup.com<br><br>*Counsel for Plaintiff Allstate Insurance Company, as subrogee of Shira Hammann* | Curt J. Schlom<br>Bret J. Franco<br>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP<br>55 West Monroe St., Suite 3800<br>Chicago, IL 60603<br>Phone: (312) 704-0550<br>curt.schlom@wilsonelser.com<br>bret.franco@wilsonelser.com<br><br>*Counsel for Defendant Simplo Technology Co., Ltd.* |
| Scott D. Stephenson<br>Paul A. Ruscheinski<br>Alissa N. DeConnick<br>LITCHFIELD CAVO LLP<br>303 West Madison St., Suite 300<br>Chicago, IL 60606<br>Phone: (312) 781-6630<br>stephenson@litchfieldcavo.com<br>ruscheinski@litchfieldcavo.com<br>deconinck@litchfieldcavo.com<br><br>*Counsel for Defendant Worldwide Tech Services, LLC* | |